Pfeifer, J.,
dissenting.
{¶ 45} We should dismiss this case as having been improvidently accepted and allow the court of appeals decision to stand. That court reached a sound and proper conclusion that is fair to both parties. Furthermore, no new legal issue is at stake.
{¶ 46} Instead, this court has taken a bad situation and made it worse. Boone Coleman already suffered a loss from performing additional work for which it was not paid. On top of that, this court now determines that Boone Coleman must pay a penalty because it didn’t complete the contract on time, never mind that Boone Coleman claims that part of the problem was that Piketon provided inaccurate site information. This is akin to frontier justice: we do it because we can, not because it makes sense.
{¶ 47} Barring a dismissal, the sensible approach to this case, the approach taken by the court of appeals, is to declare the liquidated-damages clause to be unreasonable and disproportionate. Equities do matter — even in a contract case. Given the circumstances of this case, which include Piketon allegedly providing inaccurate site plans to Boone Coleman, the court of appeals got it right. It disallowed Boone Coleman’s requests for additional payment because they were not properly submitted and refused to enforce the liquidated-damages clause because it was so unreasonable and disproportionate as to amount to a penalty.
{¶ 48} Because the court is neither dismissing the ease nor affirming the court of appeals, I dissent.